# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JACQUELINE HATHAWAY, | ) |
| Plaintiff, | ) |
| v. | ) No. 03 C 5848 |
| NEW DIMENSION CENTER FOR COSMETIC SURGERY, AND DR. DAVID ROSS, an individual, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant New Dimension Center for Cosmetic Surgery's ("New Dimension"), Defendant Dr. David Ross' ("Ross"), and Defendant Dr. David A. Ross M.D.S.C.'s motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or in the alternative for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). For the reasons stated below, we deny in part and grant in part Defendants' motion to dismiss and we deny Defendants' motion for a more definite statement.

1

## BACKGROUND

Plaintiff Jacquelyn Hathaway ("Hathaway") worked for New Dimension as a Endermologie specialist beginning in December of 1995. Hathaway claims that at New Dimension she worked for Ross and other doctors and that Ross owns New Dimension. Hathaway claims that she was required to perform administrative duties and marketing duties for which she was not compensated and claims that she was not compensated for overtime worked in excess of 40 hours in a work week. Hathaway also claims that she became pregnant and that when she informed Ross in January of 2002 of her pregnancy she was told that she would be laid off. According to Hathaway, her employment was terminated shortly thereafter on February 28, 2002. Hathaway brought the instant action and her amended complaint includes: a gender discrimination claim against New Dimension alleging a violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* (Count I), a Title VII gender discrimination claim against Defendant Dr. David A. Ross M.D.S.C. (Count II), a Title VII pregnancy discrimination claim against New Dimension (Count III), a Title VII pregnancy discrimination claim against Dr. David A. Ross M.D.S.C. (Count IV), a claim against all Defendants alleging a violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et. seq.* (Count V), and a claim against all Defendants alleging a violation of the Illinois Wage Payment Collection Act ("IWPCA"), 820 ILCS 105/1, *et. seq.* (Count VI).

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *See also Baker v. Kingsley*, 387 F.3d 649, 664 (7th Cir. 2004)(stating that although the "plaintiffs' allegations provide[d] little detail. . . [the court could not] say at [that] early stage in the litigation that plaintiffs [could] prove no set of facts in support of their claim that would entitle them to relief."). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 445-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Under current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a "cause of action. . . ."" *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements

comes later."). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251.

## DISCUSSION

### I. Title VII Claims (Counts I, II, III, and IV)

Defendants argue that the Title VII gender discrimination claims and pregnancy discrimination claims should be dismissed. Defendants first contend that Hathaway has improperly asserted that New Dimension is an entity that was her employer. Under Title VII only an employer can be held liable for an unlawful employment practice and the Seventh Circuit has made clear that a supervisor cannot be held liable under Title VII in his individual capacity. 42 U.S.C. § 2000e; 42 U.S.C. § 2000e-2; *Geier v. Medtronic, Inc.*, 99 F.3d 238, 244 (7th Cir. 1996); *Williams v. Banning*, 72 F.3d 552, 554 (7th Cir. 1995). Hathaway stated in her amended complaint that "New Dimension Center for Cosmetic Surgery, and/or Dr. David A. Ross M.D.S.C. was or were Hathaway's employer within the meaning of

4

Title VII" (A Compl. Par. 6, 19).

Defendants argue that the court should dismiss the claim against New Dimension in Count I because it merely is a trade name and is not a corporate entity and thus was not Hathaway's employer. Defendants contend that "[t]he only legal corporate entity or individual that employed Jacqueline Hathaway . . . is David A. Ross M.D.S.C." (Mem. 7). Defendants claim that Ross himself did not employ Hathaway. (Mem. 7). We need not dismiss the claim against New Dimension based upon whether or not it is a corporate entity because it is clear from paragraph 4 in the amended complaint ("paragraph 4") where Hathaway makes reference to "New Dimension Center for Cosmetic Surgery, or in the alternative, Dr. David A. Ross M.D.S.C." that when Hathaway refers to "New Dimension Center for Cosmetic Surgery" and "Dr. David A. Ross M.D.S.C." she is referring to the same entity. Hathaway concludes paragraph 4 by stating that the entity "*employs* fifteen (15) or more persons." (A Compl. 4)(emphasis added). Both Counts I and II in the amended complaint both allege a Title VII gender discrimination claim. Count I is brought against New Dimension and Count II is brought against Dr. David A. Ross M.D.S.C. Thus, Counts I and II are the same claims brought against the same entity. Therefore, we grant Defendants' motion to dismiss Count I since it is a duplicative count.

In regards to Count II brought against Dr. David A. Ross M.D.S.C., Defendants argue that the claim should be dismissed because Hathaway did not provide enough facts about the alleged discrimination and because she did not allege

"enough facts to establish a prima facie case." (Mem. 3). Defendants complain, for example, that Hathaway has not specifically named the individuals at New Dimension that were responsible for some of the alleged discrimination. However, as explained above, under the notice pleading standard a plaintiff need only provide the operative facts that support his claim and is not required to plead all facts associated with his claim. *Kyle*, 144 F.3d at 448; *Higgs*, 286 F.3d at 439. Also, a plaintiff is not required to plead facts to match elements of a *prima facie* case at the pleading stage. *Sanjuan*, 40 F.3d at 251.

Defendants also argue that Count II should be dismissed because Dr. David A. Ross M.D.S.C. "took no adverse action against her because of her pregnancy or any related condition." (Mem. 8). Hathaway specifically alleges in the amended complaint that Defendants terminated her employment. (A Compl. Par. 16(c)). A termination of employment is an adverse employment action. Defendants argue that they did not terminate Hathaway's employment. However, the pleading stage is not the proper juncture to settle such a dispute. Also, for the purposes of a motion to dismiss, a court must accept as true all of Hathaway's allegations. *Thompson*, 300 F.3d at 753.

In regards to Count II, Defendants argue that "there is no indication in the pleadings that the plaintiff was given a legitimate business reason for the adverse action." (Mem. 8). Perhaps Defendants made a misstatement and intended to argue that Hathaway "was given" a legitimate business reason for her termination. However, even if Defendants argued that point, whether or not an employer points to

a legitimate business reason for an adverse employment action is pertinent for an inquiry when addressing a motion for summary judgment. *See e.g. Cianci v. Pettibone Corp.*, 152 F.3d 723, 726 (7th Cir. 1998). Such an inquiry is improper when ruling on a motion to dismiss. Defendants also argue that Hathaway is "unable to demonstrate that this reason was a mere pretext for illegal discrimination." (Mem. 8). However, again such an inquiry is proper at the summary judgment stage rather than at the pleadings stage. Finally, we also note that at the conclusion of Defendants' argument on this issue Defendants inexplicably concede that, in regards to Count II, Hathaway "has pleaded the requisite facts to form a cause of action." (Mem. 3).

In regards to the Title VII gender discrimination claim in Count II, Hathaway alleges in her amended complaint that her employment was terminated and that she was not paid for all of the work that she was forced to perform. (A Compl. Par. 16, 31). Hathaway also alleges that she was treated differently than male employees and was subjected to unequal terms and conditions of employment because of her gender. (A Compl. Par. 16). Such allegations are sufficient to state a claim for Title VII gender discrimination. Therefore, we deny Defendants' motion to dismiss Count II.

In regards to the Title VII pregnancy discrimination claims, we grant Defendants' motion to dismiss Count III against New Dimension for the same reasons explained above since Count III is duplicative. In regards to the Title VII pregnancy discrimination claim in Count IV, Hathaway alleges that shortly after she

informed Defendants that she was pregnant, she was told that she would be laid off, and that her employment was in fact terminated. (A Compl. Par. 14, 16). She alleges that she was fired due to her "pregnancy and in anticipation of her maternity leave." (A Compl. Par. 27(c)). Such allegations are sufficient to state a claim for Title VII pregnancy discrimination. Therefore, we deny Defendants' motion to dismiss Count IV.

## II. Minimum Wage Claims (Counts V and VI)

Defendants argue that the court should dismiss the minimum wage claims in Counts V and VI. Hathaway's FLSA claim is based upon her contention that she was required to perform administrative duties and marketing duties for which she was not compensated. Hathaway claims that such work without pay violated the minimum wage provisions of the FLSA. Defendants first state that "there are not facts stated showing that Hathaway made any demand for these wages while she was employed." (Mem. 4). However, Defendants cite no legal authority for the proposition that a plaintiff is required to plead such a matter. Defendants also complain about the lack of specificity in the facts provided in the complaint and complain that Hathaway has not specified in the complaint the exact hours she is seeking compensation for. However, such specificity is not required under the notice pleading standard.

Hathaway alleges in her complaint that she was employed at New Dimension as an Endermologie Specialist. (A Compl. Par. 14). She also alleges that during her

employment she was not always paid the minimum wage and at times was not paid any wages for the "services she was required to perform." (A Compl. Par. 31, 32). Such allegations are sufficient to state a claim based upon failure to pay minimum wages.

We note that Hathaway has brought the minimum wage claims against all Defendants. However, as explained above the claims against New Dimension are redundant and Ross is not Hathaway's employer. Therefore we grant Defendants' motion to dismiss all claims in Counts V and VI against Ross and New Dimension and deny Defendants' motion to dismiss the claims in Counts V and VI against Dr. David A. Ross M.D.S.C.

### III. Motion For More Definite Statement

Defendants move in the alternative for a more definite statement. However, as is explained above, Defendants' arguments are premature. The type of detail sought by Defendants should be sought during discovery rather than at the initial pleading stage. Hathaway has provided sufficient allegations to provide notice of the claims against Defendants and for Defendants to respond to the allegations. Therefore, we deny Defendants' motion for a more definite statement.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motion to dismiss count I, deny Defendants' motion to dismiss Count II, grant Defendants' motion to

dismiss Count III and deny Defendants' motion to dismiss Count IV. We also deny Defendants' motion to dismiss Counts V and VI and we deny Defendants' motion for a more definite statement.

We also note that Hathaway filed a motion to strike Defendants' memorandum in support of their motion to dismiss and Hathaway requested in the alternative that she be allowed to submit supplemental briefing for the motion to dismiss. Hathaway was subsequently provided with an opportunity to file a consolidated answer to Defendants' motion to dismiss and her motion to strike is therefore denied as moot.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 30, 2005