# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JACQUELINE HATHAWAY, | ) |
| Plaintiff, | ) |
| v. | ) No. 03 C 5848 |
| NEW DIMENSION CENTER FOR COSMETIC SURGERY, AND DR. DAVID ROSS, an individual, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Jacqueline Hathaway's ("Hathaway") motions in limine and on Defendant David A. Ross, M.D.S.C.'s ("Ross") motion in limine. For the reasons stated below, we grant in part and deny in part the motions in limine.

## DISCUSSION

### I. Hathaway's Motions in Limine

Hathaway seeks in her motions in limine to exclude evidence under the collateral source rule, evidence concerning dismissed claims, and evidence

1

concerning her job performance. Hathaway also seeks to bar any testimony by Beverly Mae Temmerman.

### A. Collateral Source Rule

Hathaway requests that, pursuant to the collateral source rule, the court bar certain evidence. Under the collateral source rule, the "benefits received by the injured party from a source independent of, and collateral to, the tortfeasor will not diminish damages otherwise recoverable from the tortfeasor." *Sterling Radio Stations, Inc. v. Weinstine*, 765 N.E.2d 56, 61 (Ill. App. Ct. 2002)(explaining that "[t]he rationale behind this rule is that a wrongdoer should not benefit from expenditures made by the injured party, or take advantage of contracts or other relations which exist between the injured party and third persons"). However, the collateral source rule is limited to recovery relating to personal injuries and does not apply to injuries such as "pecuniary injuries to intangible property interests." *Id.*

In the instant action, Hathaway requests that the court exclude all evidence of "insurance or payment for any medical expenses or other expenses incurred to the extent payment was made on Hathaway's behalf from any collateral source, or for any collateral benefit she received." (H. Mot. 1). Ross objects to Hathaway's motion to the extent that Hathaway is intending to assert that she suffered any damages due to the negligence of Defendant Dr. David A. Ross ("Dr. Ross"). Dr. Ross works for the Defendant corporation David A. Ross, M.D.S.C. Ross also objects to any exclusion of information regarding unemployment compensation

received by Hathaway. Hathaway responds in her reply brief that she simply seeks to exclude evidence showing that her insurance company has paid for her medical expenses. Ross has not objected to that limited scope of Hathaway's motion. Hathaway is appropriately seeking to invoke the collateral source rule in regard to alleged personal injuries for which she incurred medical expenses. Therefore, we grant Hathaway's motion to exclude evidence that shows that her insurance company has paid for her medical expenses.

### B. Dismissed Claims

Hathaway moves to bar any reference to claims in the instant action that were dismissed voluntarily or involuntarily. On March 30, 2005, we granted Defendants' motion to dismiss Counts I and III, and granted Defendants' motion to dismiss all claims in Counts V and VI against Dr. Ross and Defendant New Dimension Center for Cosmetic Surgery. In addition, on December 12, 2005, Hathaway filed a stipulation under which she voluntarily dismissed Counts V and VI. Ross indicates that it has no objection to this motion and, therefore, we grant Hathaway's motion to bar any reference to claims in the instant action that were dismissed.

We also note that Ross includes in its answer to this motion a statement indicating that it should also be understood that since the dismissed counts will not be mentioned at trial, Hathaway will not testify regarding work for which she was not paid. However, such a statement by Ross is improper. If Ross had such concerns and believed that the concerns should be addressed before trial, then Ross

should have made such requests formally in a timely motion in limine, rather than as an aside in its answer to Hathaway's motion in limine.

### C. Job Performance and Failure to Create Business Plan

Hathaway moves to exclude any reference to the quality of her job performance. Also, in a separate motion in limine, Hathaway seeks to exclude evidence that she refused to prepare a business plan ("Business Plan") for the endermologie portion of Ross' business. Hathaway argues that evidence relating to her job performance including her refusal to prepare the Business Plan is wholly irrelevant, given Dr. Ross' statement during his deposition that he terminated Hathaway's employment solely because his business was in decline and because he thought that her space could be put to better uses. ( R Dep. 2). Ross indicates that it does not object to the motion to exclude evidence pertaining to the quality of Hathaway's work performance, except in regard to evidence concerning her refusal to prepare the Business Plan. ( Ans. H. Mot. 3).

Ross argues that evidence concerning the refusal to prepare the Business Plan does not relate to the quality of Hathaway's performance of her daily duties. Rather, according to Ross, there was only an isolated request for the preparation of the Business Plan. Ross states that it is not intending to argue that it terminated Hathaway's employment because she did not obey instructions regarding the Business Plan or to show poor work performance by Hathaway. Ross contends that the Business Plan was supposed to address how the endermologie portion of Ross

4

could improve its declining performance. Ross indicates that such evidence will merely be introduced to substantiate Ross' contention that the endermologie portion of Ross that Hathaway dealt with was a declining segment of the corporation's business. However, such evidence is overly prejudicial to Hathaway and will not be admitted. Ross cannot introduce such evidence that reflects upon Hathaway's performance. Therefore, we grant Hathaway's motion to exclude evidence regarding her job performance, and grant Hathaway's motion to exclude evidence regarding her refusal to prepare the Business Plan.

### D. Testimony of Beverly Mae Temmerman

Hathaway moves to exclude any testimony at trial by Beverly Mae Temmerman ("Temmerman") because Defendants did not list Temmerman in the disclosures provided to Hathaway pursuant to Federal Rule of Civil Procedure 26(a) ("Rule 26(a)"). Generally, if a party fails to comply with Rule 26(a) by not fully disclosing pertinent information during discovery, "that party 'shall not, unless such failure is harmless, be permitted to use as evidence at a trial any . . . information not so disclosed.'" *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 728 (7th Cir. 1999)(quoting Fed. R. Civ. P. 37(c)(1)). The exclusion of such information is "'automatic and mandatory' unless the party can show that the violation 'was either justified or harmless.'" *Jones*, 188 F.3d at 728 (quoting *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996)).

In the instant action, Ross does not contest Hathaway's assertion that

5

Defendants neglected to list Temmerman in Rule 26(a) disclosures, but Defendants argue that Temmerman's identity was known to Hathaway despite the omission in Defendants' Rule 26(a) disclosures. Ross first claims that Temmerman's identity was included in a list of employees that was provided to the Equal Employment Opportunity Commission ("EEOC") when Hathaway's EEOC charge was being investigated. Ross states that Hathaway apparently did not realize that Temmerman was included in the list because Temmerman was listed under her maiden name of Beverly May. Even it that were true, Defendants had a duty to clarify this fact during their initial Rule 26(a) disclosures and Defendants had an ongoing duty to amend or supplement discovery responses as appropriate pursuant to Federal Rule of Civil Procedure 26(e). Now that the discovery period has passed, along with the opportunity to conduct discovery regarding Temmerman, Ross cannot introduce her as a witness and claim that the confusion concerning Temmerman's identity is somehow Hathaway's fault. Ross also points out that during the deposition of Dr. Ross, he made references to Temmerman being a former Ross employee who was pregnant twice while employed by Ross. However, such passing references to Temmerman were not sufficient to alert Hathaway of the importance of Temmerman.

In addition, even if Hathaway was made aware of Temmerman's identity, Hathaway formally requested in an interrogatory the name, addresses, phone number, and social security number of all Ross employees who worked for Ross from 1999 to the present. Hathaway also requested in an interrogatory the name,

addresses, phone number, and social security number of all Ross employees who have been pregnant from 1995 to present, and for all Ross employees who worked for Ross in the same position as Hathaway in the three years prior to the filing of the instant action. Ross does not contest Hathaway's assertion that Temmerman falls into all of the above categories listed in Hathaway's interrogatories, nor does Ross contest Hathaway's assertion that Temmerman was never identified by Defendants in a response to Hathaway's interrogatories. Defendants have not shown that their failure to comply with Rule 26(a) was justified or harmless. Therefore, it would not be fair or equitable to allow Defendants to present Temmerman at trial as a witness. Accordingly, we grant Hathaway's motion to bar the testimony of Temmerman.

II. Ross' Motion in Limine

Ross requests that the court bar Hathaway from introducing expert medical testimony that was not disclosed during discovery pursuant to Federal Rule of Civil Procedure 26(a)(2)(A). According to Ross, Hathaway is intending to call as a witness at trial Dr. Randall Toig ("Toig"), but that Toig was not disclosed as an expert during discovery. Hathaway acknowledges that "Dr. Toig is not employed by Plaintiff as an 'expert,'" ( R Mot. Reply 3). Hathaway states that Toig will merely be called to testify as her treating physician. If the sole purpose of Toig's testimony is to testify as a treating physician, then Toig will be allowed to testify at trial. However, Toig's testimony will be limited to his role as Hathaway's treating physician. Such testimony could include topics such as his first-hand evaluations of

7

Hathaway's person or test results and diagnoses made by Toig. Toig will not, however, be allowed to provide testimony concerning the cause of any of Hathaway's medical ailments or testify regarding matters to which Toig does not have first-hand knowledge. Therefore, we grant in part and deny in part Ross' motion to bar the testimony of Toig.

## CONCLUSION

Based on the foregoing analysis, we grant all of all of the motions in limine except that we deny Ross' motion to bar testimony by Toig to the extent that Toig will testify as a treating physician.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 4, 2006